IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **EARNESTINE MAYFIELD**, | § § § | |
| *Plaintiff,* | § § | |
| VS. | § § | CIVIL NO. 4:18-cv-1473 |
| **TACO BELL OF AMERICA, LLC**, **YUM! BRANDS, INC. d/b/a TACO BELL RESTAURANTS,** **and JOHN DOE**, | § § § § § § | |
| *Defendants.* | § § | |

**TACO BELL OF AMERICA, LLC AND YUM! BRANDS, INC.'S
JOINT NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to 28 U.S.C. §§ 1332, 1441(b) and 1446(a), **Taco Bell of America, LLC**, and **YUM! Brands, Inc.**, Defendants in the above-styled case, file this Joint Notice of Removal from the District Court of Harris County, Texas, 11th Judicial District, to the United States District Court for the Southern District of Texas, Houston Division.

### INTRODUCTION

1. Plaintiff is identified as Earnestine Mayfield ("Plaintiff").

2. Taco Bell of America, LLC ("TBA") is one Defendant that Plaintiff has sued in this action.

3. YUM! Brands, Inc. ("YUM") is another Defendant that Plaintiff has sued in this action.

4. "John Doe" is the third Defendant that Plaintiff has sued in this action. For the reasons shown below, Plaintiff improperly and fraudulently joined "John

Doe" in this action for the purpose of defeating complete diversity of citizenship and thereby seeking to prevent TBA and/or YUM from removing this action to federal court.

5. Plaintiff commenced this personal injury lawsuit on April 2, 2018. Plaintiff has asserted various premises liability/negligence claims arising out of her alleged slip-and-fall, on June 12, 2016, at a Taco Bell restaurant located at 3703 FM 1960, Houston, Texas.

**A.    Venue is proper.**

6. Pursuant to 28 U.S.C. § 1441(a), this action may be removed to this Court because it is the district and division embracing Harris County, Texas, the county in which the state court action is pending.

**B.    Removal is timely.**

7. Plaintiff obtained service of process upon both TBA and YUM on April 16, 2018. TBA and YUM are therefore timely filing this Notice of Removal, as they are removing this action "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

**C.    Consent of all defendants is not necessary.**

8. According to 28 U.S.C. § 1446, only defendants who have been properly joined and served must consent to the removal of an action. *See Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007) (discussing how 28 U.S.C. § 1446 has been interpreted

to require that only presently served, properly joined defendants join in a removal petition). Defendant "John Doe" has not been properly joined to this action and such purported Defendant has not been served at this time. Therefore, consent to removal from John Doe is not necessary.

### D. Removal is proper because complete diversity exists between all properly joined parties.

9. This is a civil action that falls under the Court's original jurisdiction pursuant to 28 U.S.C. § 1332(a) and is one that may be removed to this Court based on diversity of citizenship in accordance with 28 U.S.C. §§ 1441 and 1446. Complete diversity exists in this case because Plaintiff and Defendants TBA and YUM are citizens of different states. Because Defendant Doe was sued under a fictitious name, his citizenship should be disregarded for purposes of diversity. *See* 28 U.S.C. 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."). Moreover, Defendant Doe was joined solely for the purpose of defeating diversity and is not a proper party to this action. Therefore, his citizenship should not be considered for purposes of evaluating diversity jurisdiction.

#### (i) Plaintiff

10. As stated in Plaintiff's Original Petition, Plaintiff is an individual residing in Harris County, Texas. Thus, at the time Plaintiff commenced this action, she was a citizen of the State of Texas.

**(ii)    Defendants**

11.     Defendant TBA is a limited liability company formed under the laws of the state of Delaware, having its principal place of business now and at the time this action was commenced in Irvine, California. The citizenship of a limited liability company, however, is determined by the citizenship of all of its members. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). The sole member of TBA is YUM! Brands, Inc., a North Carolina corporation with a principal place of business in Louisville, Kentucky. Thus, Defendant TBA is now and was at the time this action was commenced a citizen of the states of North Carolina and Kentucky, and of no other state.

12.     Defendant YUM is a corporation formed under the laws of the state of North Carolina, having its principal place of business now and at the time this action was commenced in Louisville, Kentucky. Thus, Defendant YUM is now and was at the time this action was commenced a citizen of the states of North Carolina and Kentucky, and of no other state.

**E.    The amount in controversy exceeds $75,000.**

13.     Plaintiff alleges in Plaintiff's Original Petition that she seeks monetary relief in an amount of "more than $100,000." Pl.'s Orig. Pet. ¶ 2, at 1.

14.     Plaintiff therefore seeks damages, exclusive of interest and attorney's fees, in excess of the jurisdictional minimum of $75,000.

**F.     Removal is appropriate under the Court's diversity jurisdiction.**

15.     In light of these facts, the state court claim may be removed to this Court because: (a) this action is a civil action pending within the jurisdiction of the United States District Court for the Southern District of Texas; (b) none "of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought," 28 U.S.C. § 1441(b)(2); and (b) the amount in controversy exceeds $75,000, exclusive of interests and costs.

### FILING OF REMOVAL PAPERS

16.     Pursuant to 28 U.S.C. § 1446(d), TBA and YUM are providing written notice of the filing of this Notice of Removal to all other counsel of record. Further, such Defendants are filing a copy of this Notice of Removal with the Clerk of the 129th Judicial District Court of Harris County, Texas, where Plaintiff commenced this action.

17.     TBA and YUM are filing the following items concurrently with this Notice of Removal, or attaching them to this Notice of Removal as required by Southern District of Texas Local Rule 81: (a) a completed civil cover sheet, JS-44 (**Exhibit 1**); (b) all executed process in the case (**Exhibit 2**); (c) all pleadings asserting causes of action (**Exhibit 3**); (d) any orders signed by the state judge (**none**); (e) a copy of the docket sheet in the state court action (**Exhibit 4**); and (f) a list of all counsel of record (**Exhibit 5**).

## CONCLUSION

18. Defendants Taco Bell of America, LLC and YUM! Brands, Inc. give notice to the Court of their removal of the above-captioned action from the 129th Judicial District Court of Harris County, Texas, and request that further proceedings be conducted in the United States District Court for the Southern District of Texas, Houston Division, as provided by law.

Dated: May 8, 2018

Respectfully submitted,

*/s/   William R. Pilat*
William R. Pilat
Texas Bar No. 00788205
S.D. Tex. No. 18655
KANE RUSSELL COLEMAN LOGAN PC
5051 Westheimer Road, Suite 1000
Houston, Texas 77056
Telephone:  713-425-7400
Facsimile:  713-425-7700
E-mail:  wpilat@krcl.com

**ATTORNEY-IN-CHARGE FOR DEFENDANTS
TACO BELL OF AMERICA, LLC
AND YUM! BRANDS, INC.**

## **CERTIFICATE OF SERVICE**

I certify that on May 8, 2018, a true and correct copy of the foregoing pleading was forwarded to all other counsel of record, as listed below, through the electronic case filing system of the United States District Court for the Southern District of Texas:

Adam Ramji
Don Thomas, II
RAMA LAW GROUP
2920 Virginia Street
Houston, Texas 77098

                                                */s/   William R. Pilat*
                                                William R. Pilat