## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| EARNESTINE MAYFIELD | § | |
| | § | |
| VS. | § | CIVIL NO. 4:18-cv-1473 |
| | § | |
| TACO BELL OF AMERICA, LLC, | § | |
| YUM! BRANDS, INC. d/b/a | § | |
| TACO BELL RESTAURANTS, | § | |
| and JOHN DOE | § | |

### *On Removal from:*

### CAUSE NO. 2018-21783

| | | |
|---|---|---|
| EARNESTINE MAYFIELD | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| TACO BELL OF AMERICA, LLC, | § | |
| YUM! BRANDS, INC. d/b/a | § | |
| TACO BELL RESTAURANTS, | § | |
| and JOHN DOE | § | 129TH JUDICIAL DISTRICT |

## EXHIBIT 3

## ALL DOCUMENTS FILED IN STATE COURT

| Tab | Document Name | File Date |
|---|---|---|
| 1. | Plaintiff's Original Petition and Requests for Disclosure | 4/2/18 |
| 2. | Defendant Taco Bell of America, LLC's Original Answer | 5/4/18 |
| 3. | Defendant YUM! Brands, Inc.'s Original Answer | 5/4/18 |
| 4. | Defendants' Notice of Removal to Federal Court | 5/8/18 |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **EARNESTINE MAYFIELD** | § | |
| | § | |
| **VS.** | § | **CIVIL NO. 4:18-cv-1473** |
| | § | |
| **TACO BELL OF AMERICA, LLC**, | § | |
| **YUM! BRANDS, INC. d/b/a** | § | |
| **TACO BELL RESTAURANTS,** | § | |
| **and JOHN DOE** | § | |

*On Removal from:*

**CAUSE NO. 2018-21783**

| | | |
|---|---|---|
| **EARNESTINE MAYFIELD** | § | **IN THE DISTRICT COURT** |
| | § | |
| **VS.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **TACO BELL OF AMERICA, LLC**, | § | |
| **YUM! BRANDS, INC. d/b/a** | § | |
| **TACO BELL RESTAURANTS,** | § | |
| **and JOHN DOE** | § | **129TH JUDICIAL DISTRICT** |

**EXHIBIT 3-1**

***Plaintiff's Original Petition and Requests for Disclosure***

4/2/2018 9:37 AM
Chris Daniel - District Clerk Harris County
Envelope No. 23559819
By: Nelson Cuero
Filed: 4/2/2018 9:37 AM

# 2018-21783 / Court: 129

CAUSE NO. _____

| | | |
|---|---|---|
| **EARNESTINE MAYFIELD,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| **VS.** | § | |
| | § | **HARRIS COUNTY, TEXAS** |
| **TACO BELL OF AMERICA, LLC,** | § | |
| **YUM! BRANDS, INC. D/B/A TACO** | § | |
| **BELL RESTAURANTS, and JOHN** | § | |
| **DOE** | § | |
| *Defendants.* | § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff, EARNESTINE MAYFIELD, files this Original Petition and Requests for Disclosure against Defendants, TACO BELL OF AMERICA, LLC and YUM! BRANDS, INC d/b/a TACO BELL RESTAURANTS, and for cause(s) of action, would respectfully show unto this Honorable Court as follows:

### I.    DISCOVERY CONTROL PLAN

1.  Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.3.

### II.    CLAIM FOR RELIEF

2.  Plaintiff seeks monetary relief of more than $100,000.00. but less than $200,000.00

### III.    PARTIES

3.  Plaintiff is an individual residing in Harris County, Texas.

4.  Defendant, Taco Bell of America, LLC is a Delaware Limited Liability Company, and may be served with process by serving its registered agent for service of process, C-T Corporation System at 1999 Bryan St., Ste 900 Dallas, TX 75201. **Citation for service is requested at this time.**

---

Plaintiff's Original Petition and Request for Disclosure                                    Page 1

5. Defendant, YUM! Brands, Inc. is a North Carolina Corporation, and may be served with process by serving its registered agent for service of process, C T Corporation System at 1999 Bryan St., Ste 900 Dallas, TX 75201. **Citation for service is requested at this time.**

6. The true name and capacity, whether individual, plural, corporate, partnership, or otherwise, of Defendant JOHN DOE, is unknown to Plaintiff, who therefore sue said Defendant by such fictitious name. The full extent of the facts linking such fictitiously sued Defendants JOHN DOE are unknown to Plaintiff at this time. Plaintiff is informed and believes, and thereupon alleges, that Defendant JOHN DOE was negligent, or in some actionable manner, responsible for the events and happenings hereinafter referred to, and thereby negligently, or in some actionable manner, legally and proximately caused injuries and damages to Plaintiff. Plaintiff will hereafter seek leave to amend this Petition to show Defendant JOHN DOE's true name and capacity after same has been ascertained.

## IV. JURISDICTION

7. The amount in controversy exceeds this Court's minimum jurisdictional requirements.

8. This Court has jurisdiction over all Defendants because the incident giving rise to this cause of action occurred within the state of Texas, or because Defendants personally availed themselves of the privileges and benefits of conducting business in Texas. *See* TEX. CIV. PRAC. & REM. CODE §17.042.

## V. VENUE

9. Venue is proper in Harris County because it is the county where all or a substantial part of the events or omissions giving rise to the claim occurred. *See* TEX. CIV. PRAC. & REM. CODE §15.002(a)(1).

## VI.   FACTS

10. The incident made the basis of this suit occurred on or about June 12, 2016. On that day, Plaintiff Mayfield was walking in the parking lot of Defendants' establishment. While Plaintiff was going up the ramp, she slipped and fell. She sustained serious injuries as a result of the fall. The fall was caused by certain oil based paints that were used on the ramp. The oil based paints used are more slippery when wet than a typical painted surface. As a result of this fall, Plaintiff sustained serious injuries.

11. Plaintiff alleges that John Doe, sued herein under a fictitious name, is the contractor and/or subcontractor responsible for painting the ramp with an oil based paint.

## VII.   CAUSES OF ACTION

### A.   PREMISES LIABILITY

12. Defendants were the owners and/or in possession of the premises at 3703 FM 1960, Houston, TX 77068.

13. Plaintiff entered Defendants' premises with Defendants' knowledge and for their mutual benefit.

14. A condition on Defendants' premises posed an unreasonable risk of harm. As described above, a negligent constructed stair was a permanent defect.

15. Defendants knew or reasonably should have known of the condition of the premises.

16. Defendants had a duty to use ordinary care to ensure that the premises did not present a danger to Plaintiff. This duty includes the duty to inspect and the duty to warn or to cure.

17. Defendants' breach of their duty proximately caused injury to the Plaintiff.

### B.    GROSS NEGLIGENCE

18. Defendants conduct, when viewed objectively from its own standpoint at the time of its conduct, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendants were actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety and welfare of others. Defendants' acts of omission and commission, which collectively and severally constitute gross negligence, were a proximate cause of injuries and damages to Plaintiff.

### VIII.  DAMAGES

19. Plaintiff seeks to recover the following damages, both past and future damages, as a result of the negligence of Defendants:

   a.   Physical pain and suffering;

   b.   Mental anguish;

   c.   Physical disfigurement;

   d.   Physical impairment;

   e.   Diminished capacity to enjoy life;

   f.   Lost wages and loss of earning capacity; and

   g.   Reasonable and necessary medical expenses.

20. Plaintiff also seeks exemplary/punitive damages as a result of the gross negligence described above, and if the jury so finds, Plaintiff seeks an amount the jury deems to be fair and reasonable.

## IX.    REQUESTS FOR DISCLOSURE

21. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff respectfully requests that

Defendants disclose, within fifty (50) days of the service of this request, the information or

material described in Rule 194.2.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendants

be cited to appear and answer herein, and that upon final hearing of the cause, judgment be entered

for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the

court, together with pre-judgment interest at the maximum rate allowed by law post-judgment

interest at the legal rate, costs of court, and such other and further relief to which the Plaintiff may

be entitled at law or in equity.


Respectfully submitted,


RAMJI LAW GROUP


Adam Ramji
Texas Bar No. 24045209
Email:  ramji@ramjilaw.com
Don Thomas, II
Texas Bar No. 24096092
Email:  dthomas@ramjilaw.com
2920 Virginia Street
Houston, Texas 77098
Telephone:  (713) 888-8888
Facsimile:  (866) 672-3372
**E-service only:  service@ramjilaw.com
ATTORNEYS FOR PLAINTIFF**

4/2/2018 9:37:45 AM
Chris Daniel - District Clerk
Harris County
Envelope No: 23559819
By: CUERO, NELSON
Filed: 4/2/2018 9:37:45 AM

## 2018-21783 / Court: 129

### CAUSE NO. _____

| | | |
|---|---|---|
| EARNESTINE MAYFIELD, | § | IN THE DISTRICT COURT |
| *Plaintiff*, | § | |
| | § | |
| VS. | § | |
| | § | |
| | § | HARRIS COUNTY, TEXAS |
| TACO BELL OF AMERICA, LLC, | § | |
| YUM! BRANDS, INC. D/B/A TACO | § | |
| BELL RESTAURANTS, and JOHN | § | |
| DOE | § | |
| *Defendants*. | § | _____ JUDICIAL DISTRICT |

### PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS

TO:   Defendants, Taco Bell of America, LLC and YUM! Brands, Inc. d/b/a Taco Bell Restaurants registered agent for service of process, C T Corporation System at 1999 Bryan St., Ste 900 Dallas, TX 75201.

Pursuant to TEX. R. CIV. P. 192 and 197, Plaintiff, serves this, his First Set of Interrogatories, to Defendants, Taco Bell of America, LLC and YUM! Brands, Inc. d/b/a Taco Bell Restaurants.

You are hereby instructed to answer the following interrogatories separately, fully, in writing, and under oath if required by Rule 197.2(d) of the Texas Rules of Civil Procedure. The answers shall be served upon the undersigned counsel within fifty (50) days after the service of these interrogatories. Answers to interrogatories must be answered separately and must be signed and verified by the person making them (a corporation should designate an officer to answer on its behalf). In answering the interrogatories, furnish all information in your possession and available to you, including information in the possession of your attorneys and all persons acting on your behalf.

---

Plaintiff's First set of Interrogatories to Defendants                                                     Page 1

Furthermore, pursuant to TEX. R. CIV. P. 193.5, these interrogatories are deemed continuing so as to require supplemental answers if you or your counsel obtain further information which will add to or correct an answer previously given or change an answer previously given which is no longer true.

Respectfully submitted,

RAMJI LAW GROUP

Adam Ramji
Texas Bar No. 24045209
Email: ramji@ramjilaw.com
Don Thomas, II
Texas Bar No. 24096092
Email: dthomas@ramjilaw.com
2920 Virginia Street
Houston, Texas 77098
Telephone: (713) 888-8888
Facsimile: (866) 672-3372
**E-service only:** service@ramjilaw.com
**ATTORNEYS FOR PLAINTIFF**

## DEFINITIONS AND INSTRUCTIONS

1.  As used herein, the terms "you", "your" or "Defendants" shall refer to Taco Bell of America, LLC and/or YUM! Brands, Inc d/b/a Taco Bell Restaurants' attorneys, agents, and all other natural persons or business or legal entities acting or purporting to act for or on behalf of Taco Bell of America, LLC and/or YUM! Brands, Inc d/b/a Taco Bell Restaurants, whether authorized to do so or not.

2.  When used herein, "Plaintiff" means Earnestine Mayfield.

3.  When used herein, "incident" means the incident made the basis of this suit which occurred on or around June 12, 2016, as described in Plaintiff's Original Petition or any amendments thereto.

4.  As used herein, the term "documents" shall mean all writings of every kind, source and authorship, both originals and all nonidentical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative, or private entity or person.

    a.  The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter. It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems.

    a.  For purposes of illustration and not limitation, the term shall include: affidavits; agendas; agreements; analyses; announcements; bills, statements, and other records of obligations and expenditures; books; brochures; bulletins; calendars; canceled checks, vouchers, receipts and other records of payments; charts or drawings; check registers; checkbooks; circulars; collateral files and contents; contracts; corporate bylaws; corporate charters; correspondence; credit files and contents; deeds of trust; deposit slips; diaries; drafts; files; guaranty agreements; instructions; invoices; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; letters; logs, notes, or memoranda of telephonic or face-to-face conversations; manuals; memoranda of all kinds, to and from any persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including books, articles, speeches, and newspaper clippings); purchase orders; records; records of administrative, technical, and financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; specifications; statements of bank accounts; statements; interviews; stock transfer ledgers; technical and engineering reports, evaluations, advice, recommendations, commentaries,

conclusions, studies, test plans, manuals, procedures, data, reports, results, and conclusions; summaries, notes, and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; telegrams; teletypes and other communications sent or received; transcripts of testimony; UCC instruments; work papers; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested.

    b. The term means and includes all originals when available, and otherwise a carbon copy, xerox copy, or other identical or nonidentical copy, of any papers, books, accounts, writings, drawings, graphs, charts, photographs, electronic or videotape recordings, and other data compilations from which information can be obtained and translated, if necessary, by Defendant, into reasonably usable form.

5.    In accordance with TEX. R. CIV. P. Rule 192.7, a document is deemed to be in your possession, custody or control if you either have physical possession of the item or have a right to possession of the item that is equal or superior to the person who has physical control of the item.

6.    "Person": The term "person" shall include individuals, associations, partnerships, corporations, joint ventures, proprietorships, agencies, boards, commissions, governmental entities, any other institutions whether formed for business purposes or any other purposes and the officers, representatives, employees, and agents of such associations, partnerships, public or private corporation, joint ventures, proprietorships, agencies, boards, commissions, governmental entities, and institutions.

7.    You are not asked to divulge or provide any information or documents which are privileged in nature. However, if you object to a particular interrogatory on the basis of a claimed privilege or exemption, please state the exemption or privilege and state why you believe such exemption or privilege applies.

    a. However, this exclusion does not apply to otherwise privileged material to the extent that any such documents will be offered at the time of trial in this cause. If any materials requested are deemed privileged by you, please list the following for each item for which a privilege is claimed:
        i. A brief description of the nature and/or contents of the matter for which the privilege is claimed;
        ii. The name, occupation, and capacity of the individual from whom the privileged matter came;
        iii. The name, occupation, and capacity of the individual to whom the alleged privileged matter was directed; and
        iv. The date the item bears and the privilege claimed.
    b. If a determination is made that any document requested is privileged, Plaintiff requests that a privilege log be created and filed as part of your response. The privilege log should list each document withheld from production, the date of

each document withheld, the number of pages, the subject matter, author(s) and recipients, and each and every privilege asserted.

8.   The term "Subject Premises" means the premises identified in Plaintiff's complaint as the geographic location of the subject Incident.

9.   "Identify" or "Identification":

   a.   When used in reference to a person, "identify" or "identification" means to state his or her full name, present or last known residence address, present or last known business address and telephone number.

   b.   When used in reference to a public or private corporation, governmental entity, partnership or association, "identify" or "identification" means to state its full name, present or last known business address or operating address, the name of its Chief Executive Officer and telephone number.

   c.   When used in reference to a document, "identify" or "identification" shall include statement of the following:

      i.   the title, heading, or caption, if any, of such document;

      ii.  the identifying number(s), letter(s), or combination thereof, if any; and the significance or meaning of such number(s), letter(s), or combination thereof, if necessary to an understanding of the document and evaluation of any claim of protection from discovery;

      iii. the date appearing on such document; if no date appears thereon, the answer shall so state and shall give the date or approximate date on which such document was prepared;

      iv.  the number of pages and the general nature or description of such document (i.e., whether it is a letter, memorandum, minutes of a meeting, etc.), with sufficient particularity so as to enable such document to be precisely identified;

      v.   the name and capacity of the person who signed such document; if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

      vi.  the name and capacity of the person to whom such document was addressed and the name and capacity of such person, other than such addressee, to whom such document, or a copy thereof, was sent; and

      vii. the physical location of the document and the name of its custodian or custodians.

10.  "Settlement": as used herein, means:

   a.   an oral or written, disclosed or undisclosed agreement, bargain, contract, settlement, partial settlement, limited settlement, arrangement, deal, understanding, loan arrangement, credit arrangement, contingent settlement, limitation on the amount of liability or judgment, or a promise by or between plaintiff and any defendant or between any defendant herein whereby plaintiff or defendant have in any way released, compromised, in whole or in part, directly or indirectly, or agreed to do so in the future, any of the matters in

controversy in this lawsuit whether before, after or during trial or before or after any jury verdict is returned herein or a judgment is entered or rendered herein.

b.  any resolution of the differences between the plaintiff and defendant by loan to the plaintiff or any other device which is repayable in whole or in part out of any judgment the plaintiff may recover against defendant.

c.  The term "settlement" shall also include "Mary Carter Agreements" as that term is used under Texas Law.

11.  Unless a specific date or dates is set forth in any specific question herein, you are directed that each question shall be answered for the period of time up to and including the present date.

## NOTICE WITH REGARD TO CLAIMED OBJECTIONS

Please take notice that:

1. It is not ground for objection that an interrogatory involves an opinion or contention that relates to fact or the application of law to fact.

2. It is not ground for objection that information referred to in an interrogatory may not be admissible at trial.

3. With regard to any interrogatory that you object on the ground that the interrogatory is overly broad or is not properly limited in some way, you are requested to state in your answer or objection:

    a.    what categories of information, if any, you do not object to providing and to provide such information in your answers; and

    b.    what categories of information are in existence that you object to providing, and the reason why you claim that such information or categories of information is overly broad or not properly limited in some way.

## INTERROGATORIES

1.   Please state the full name, address, business address, telephone number and job title of each and every person who supplied answers to these Interrogatories, indicating beside each name those Interrogatories for which the person answered or supplied information.

**ANSWER**:


2.   Please state the full names, addresses and telephone numbers of all employees; including but not limited to: managers, security personnel, and maintenance crews; of Defendants' that were working at the subject premises in question on the incident date. In your answer, please identify the job titles of each such employee, as well as the shift and hours he or she worked.

**ANSWER:**


3.   Please describe the condition of the section of the subject premises where the Plaintiff slipped and fell as it was at the time of the incident.

**ANSWER:**


4.   Please describe the procedures for addressing concerns and/or complaints brought by customers relating to unsafe conditions found in the store.

**ANSWER:**


5.   State those facts that you contend may refute Plaintiff's claims or to substantiate any defense of yours.

**ANSWER**:


6.   Please explain in detail any changes that have been made to the property in question since the incident made the basis of this litigation.

**ANSWER**:


7.   Please describe any conversation between any Defendants' employee or representative and the Plaintiff regarding the incident made the basis of this lawsuit. In your answer, please provide specifics of each conversation, the date of each conversation, and the Defendants' employee and/or representative participating in each such conversation.

**ANSWER**:

8.   Describe in your own words your understanding of how the incident made the basis of this suit occurred on the subject premises, including each individual act or omission on the part of Plaintiff which you now contend or will contend caused or contributed to the incident. Additionally, please state generally what facts lead you to believe that such act or omission caused or contributed to the incident.

**ANSWER:**

9.   Do you, your attorneys or investigators or anyone acting on your behalf, have any maps, charts, diagrams, photographs, videos, motion pictures, and/or recordings taken of the scene of this incident, and/or any of the physical or mechanical objects used in the area in question, and/or of the persons involved in this incident? If so, please identify them and the person(s) in possession of any such documents.

**ANSWER**:

10.   Were any tests, inspections or measurements made or taken with respect to the scene or any object involved? If so, please state the name, telephone number, and address of the person now having custody of any written report concerning each test, inspection or measurement.

**ANSWER**:

11.   Please set forth the date and time that you last inspected the subject premises to discover the existence of any dangerous condition(s) prior to the incident.

**ANSWER**:

12.   If you inspected the subject premises for dangerous conditions, please state whether that inspection was pursuant to any prescribed inspection program, safety procedure, and/or safety manual.

**ANSWER**:

13.   Please identify all contractors or subcontractors who installed and/or painted the outdoor ramp that Plaintiff slipped on.

**ANSWER**:

14.    Please identify all persons known to you to have been present at the scene of the incident immediately before, during or after the occurrence of the incident.

**ANSWER**:

15.    Identify each lawsuit filed against Defendant within the last five (5) years in which allegations were made that personal injuries resulted from the negligence of Defendant or any of Defendant's employees which involved personal injuries on the Subjected Premises. As used in this Interrogatory "identify" means the cause number and style.

**ANSWER**:

16.    If you have contacted any third party and informed such party that he/she/it may be responsible in whole or in part for the incident making the basis of this suit, please fully identify such party, the date of contact, and the basis for making such contact.

**ANSWER**:

17.    If, after the incident, an investigation was made by or on behalf of the Defendant concerning the circumstances of the incident made the basis of this lawsuit, please state the name and address of each person who made such an investigation, whether a written report of the investigation was furnished to the Defendant, and the substance of any written reports of the investigation furnished to Defendant.

**ANSWER**:

CAUSE NO. _____

| | | |
|---|---|---|
| **EARNESTINE MAYFIELD,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| **VS.** | § | |
| | § | |
| | § | **HARRIS COUNTY, TEXAS** |
| **TACO BELL OF AMERICA, LLC,** | § | |
| **YUM! BRANDS, INC. D/B/A TACO** | § | |
| **BELL RESTAURANTS, and JOHN** | § | |
| **DOE** | § | |
| *Defendants.* | § | _____ **JUDICIAL DISTRICT** |

## <u>VERIFICATION</u>

| | |
|---|---|
| **STATE OF TEXAS** | § |
| | § |
| **COUNTY OF** _____ | § |

BEFORE    ME,    the    undersigned    authority,    personally appeared _____(name of person signing), on behalf of _____

_____ (particular Defendant) in the capacity of _____ (position or capacity), who stated, upon oath, that the statements made in the foregoing instrument are within his or her personal knowledge and are true and correct.

_____

_____
Name Printed

**SUBSCRIBED AND SWORN TO BEFORE ME** on _____, by _____.

_____
Notary Public, State of Texas

4/2/2018 9:38:00 AM
Chris Daniel - District Clerk
Harris County
Envelope No: 23559819
By: CUERO, NELSON
Filed: 4/2/2018 9:38:00 AM

CAUSE NO. _____

| | | |
|---|---|---|
| **EARNESTINE MAYFIELD,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| **VS.** | § | |
| | § | **HARRIS COUNTY, TEXAS** |
| **TACO BELL OF AMERICA, LLC,** | § | |
| **YUM! BRANDS, INC. D/B/A TACO** | § | |
| **BELL RESTAURANTS, and JOHN** | § | |
| **DOE** | § | |
| *Defendants.* | § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFF'S REQUEST FOR PRODUCTION TO DEFENDANTS

TO:  Defendants, Taco Bell of America, LLC and YUM! Brands, Inc. d/b/a Taco Bell Restaurants registered agent for service of process, C T Corporation System at 1999 Bryan St., Ste 900 Dallas, TX 75201.

Pursuant to TEX. R. CIV. P. 192 and 197, Plaintiff, serves this, her Request for Production, to Defendants, Taco Bell of America, LLC and YUM! Brands, Inc. d/b/a Taco Bell Restaurants. Defendants are requested to produce or permit the undersigned attorney, Don Thomas, II, to inspect and copy or reproduce the items hereinafter requested and attached hereto. Within fifty (50) days after service of these Requests for Production, you must serve a written response to the undersigned attorney at 2900 Virginia Street, Houston, Texas 77098, including the items requested or stating with respect to each request that an inspection and copying or reproduction will be permitted as requested.

*[Signature page follows]*

Respectfully submitted,


**RAMJI LAW GROUP**

Adam Ramji
Texas Bar No. 24045209
Email: ramji@ramjilaw.com
Don Thomas, II
Texas Bar No. 24096092
Email: dthomas@ramjilaw.com
2920 Virginia Street
Houston, Texas 77098
Telephone: (713) 888-8888
Facsimile: (866) 672-3372
**E-service only:** service@ramjilaw.com
**ATTORNEYS FOR PLAINTIFF**

---

## DEFINITIONS AND INSTRUCTIONS

1.    As used herein, the terms "you", "your" or "Defendants" shall refer to Taco Bell of America, LLC and/or YUM! Brands, Inc. d/b/a Taco Bell Restaurants' attorneys, agents, and all other natural persons or business or legal entities acting or purporting to act for or on behalf of Taco Bell of America, LLC and/or YUM! Brands, Inc. d/b/a Taco Bell Restaurants, whether authorized to do so or not.

2.    When used herein, "Plaintiff" means Earnestine Mayfield.

3.    When used herein, "incident" means the incident made the basis of this suit which occurred on or around June 12, 2016, as described in Plaintiff's Original Petition or any amendments thereto.

4.    As used herein, the term "documents" shall mean all writings of every kind, source and authorship, both originals and all nonidentical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative, or private entity or person.

     a.  The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter. It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems.

     c.  For purposes of illustration and not limitation, the term shall include: affidavits; agendas; agreements; analyses; announcements; bills, statements, and other records of obligations and expenditures; books; brochures; bulletins; calendars; canceled checks, vouchers, receipts and other records of payments; charts or drawings; check registers; checkbooks; circulars; collateral files and contents; contracts; corporate bylaws; corporate charters; correspondence; credit files and contents; deeds of trust; deposit slips; diaries; drafts; files; guaranty agreements; instructions; invoices; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; letters; logs, notes, or memoranda of telephonic or face-to-face conversations; manuals; memoranda of all kinds, to and from any persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including books, articles, speeches, and newspaper clippings); purchase orders; records; records of administrative, technical, and financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; specifications; statements of bank accounts; statements; interviews; stock transfer ledgers; technical and engineering reports, evaluations, advice, recommendations, commentaries,

conclusions, studies, test plans, manuals, procedures, data, reports, results, and conclusions; summaries, notes, and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; telegrams; teletypes and other communications sent or received; transcripts of testimony; UCC instruments; work papers; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested.

    d. The term means and includes all originals when available, and otherwise a carbon copy, xerox copy, or other identical or nonidentical copy, of any papers, books, accounts, writings, drawings, graphs, charts, photographs, electronic or videotape recordings, and other data compilations from which information can be obtained and translated, if necessary, by Defendant, into reasonably usable form.

5. In accordance with TEX. R. CIV. P. Rule 192.7, a document is deemed to be in your possession, custody or control if you either have physical possession of the item or have a right to possession of the item that is equal or superior to the person who has physical control of the item.

6. "Person": The term "person" shall include individuals, associations, partnerships, corporations, joint ventures, proprietorships, agencies, boards, commissions, governmental entities, any other institutions whether formed for business purposes or any other purposes and the officers, representatives, employees, and agents of such associations, partnerships, public or private corporation, joint ventures, proprietorships, agencies, boards, commissions, governmental entities, and institutions.

7. You are not asked to divulge or provide any information or documents which are privileged in nature. However, if you object to a particular interrogatory on the basis of a claimed privilege or exemption, please state the exemption or privilege and state why you believe such exemption or privilege applies.

    a. However, this exclusion does not apply to otherwise privileged material to the extent that any such documents will be offered at the time of trial in this cause. If any materials requested are deemed privileged by you, please list the following for each item for which a privilege is claimed:
        i. A brief description of the nature and/or contents of the matter for which the privilege is claimed;
        ii. The name, occupation, and capacity of the individual from whom the privileged matter came;
        iii. The name, occupation, and capacity of the individual to whom the alleged privileged matter was directed; and
        iv. The date the item bears and the privilege claimed.
    b. If a determination is made that any document requested is privileged, Plaintiff requests that a privilege log be created and filed as part of your response. The privilege log should list each document withheld from production, the date of

                       each document withheld, the number of pages, the subject matter, author(s) and recipients, and each and every privilege asserted.

8.     The term "Subject Premises" means the premises identified in Plaintiff's complaint as the geographic location of the subject Incident.

9.     "Identify" or "Identification":

        a.  When used in reference to a person, "identify" or "identification" means to state his or her full name, present or last known residence address, present or last known business address and telephone number.

        b.  When used in reference to a public or private corporation, governmental entity, partnership or association, "identify" or "identification" means to state its full name, present or last known business address or operating address, the name of its Chief Executive Officer and telephone number.

        c.  When used in reference to a document, "identify" or "identification" shall include statement of the following:

            i.  the title, heading, or caption, if any, of such document;

           ii.  the identifying number(s), letter(s), or combination thereof, if any; and the significance or meaning of such number(s), letter(s), or combination thereof, if necessary to an understanding of the document and evaluation of any claim of protection from discovery;

           iii.  the date appearing on such document; if no date appears thereon, the answer shall so state and shall give the date or approximate date on which such document was prepared;

           iv.  the number of pages and the general nature or description of such document (i.e., whether it is a letter, memorandum, minutes of a meeting, etc.), with sufficient particularity so as to enable such document to be precisely identified;

           v.  the name and capacity of the person who signed such document; if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

           vi.  the name and capacity of the person to whom such document was addressed and the name and capacity of such person, other than such addressee, to whom such document, or a copy thereof, was sent; and

           vii.  the physical location of the document and the name of its custodian or custodians.

10.    "Settlement": as used herein, means:

        a.  an oral or written, disclosed or undisclosed agreement, bargain, contract, settlement, partial settlement, limited settlement, arrangement, deal, understanding, loan arrangement, credit arrangement, contingent settlement, limitation on the amount of liability or judgment, or a promise by or between plaintiff and any defendant or between any defendant herein whereby plaintiff or defendant have in any way released, compromised, in whole or in part, directly or indirectly, or agreed to do so in the future, any of the matters in

controversy in this lawsuit whether before, after or during trial or before or after any jury verdict is returned herein or a judgment is entered or rendered herein.

b. any resolution of the differences between the plaintiff and defendant by loan to the plaintiff or any other device which is repayable in whole or in part out of any judgment the plaintiff may recover against defendant.

c. The term "settlement" shall also include "Mary Carter Agreements" as that term is used under Texas Law.

11.  Unless a specific date or dates is set forth in any specific question herein, you are directed that each question shall be answered for the period of time up to and including the present date.

## NOTICE WITH REGARD TO CLAIMED OBJECTIONS

Please take notice that:

1.    It is not ground for objection that a Request for Production involves an opinion or contention that relates to fact or the application of law to fact.

2.    It is not ground for objection that documents referred to in a Request for Production may not be admissible at trial.

3.    Discovery extends to all documents from which information can be obtained and translated, if necessary, by the person from whom discovery is sought, into reasonably useable form and any other tangible things that constitute or contain discoverable information.

4.    Discovery extends to documents in either your possession or in your constructive possession. Constructive possession exists as long as you have a superior right to compel the production from a third-party (including an agency, authority or representative) who has possession, custody or control, even though you do not have actual physical possession. A party may not evade discovery requests by answering that he or she does not know or does not have the documents requested when, by resorting to means available to him or her, he or she can ascertain the documents inquired about.

5.    With regard to any Request for Production that you object on the ground that the item is overly broad or is not properly limited in some way, you are requested to state in your response or objection:

   a.    what categories of documents, if any, you do not object to providing and to provide such documents in your responses; and

   b.    what categories of documents are in existence that you object to providing, and the reason why you claim that such documents or categories of documents are overly broad or not properly limited in some way.

## PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANTS

1.    All pictures, motion pictures, movies, films, videos or photographic material of any kind concerning the scene, or the events and happenings made the basis of the lawsuit taken on the day of, during, or within twenty-four (24) hours before and after the incident in question which are in the possession, constructive possession, custody or control of Defendant(s).

2.    All written statements made by Plaintiff in the possession, constructive possession, custody or control of Defendant(s).

3.    All oral statements made by Plaintiff which were either recorded or taped on an electronic device or recorder which are in the possession, constructive possession, custody or control of Defendant(s).

4.    A copy of all documents filed with any state, county, city, federal or governmental agency, institution or department containing information about Plaintiff which are in the possession, constructive possession, custody or control of Defendant's.

5.    All written reports of inspection, tests, writings, drawings, graphs, charts, recordings or opinions of any expert who has been used, or will be used, for consultation and whose work product forms a basis either in whole or in part of the opinions of an expert who is to be called as a witness. (If the discoverable factual materials have not been received or reduced to a tangible form, request is hereby made that Defendant's advise Plaintiff's counsel accordingly and reduce such material to a tangible form).

6.    A curriculum vitae or resume for any consulting expert whose mental impressions or opinions have been reviewed by a testifying expert.

7.    All literature informally and formally published for any consulting expert or testifying expert to be used in relation to this case.

8.    Any and all copies of investigation documentation, reports and/or memoranda made by or submitted to Defendant(s), as a result of the incident which has been made on the basis of Plaintiff's lawsuit.

9.    Any and all written communications, including but not limited to letters and/or memorandums, between agents, employees and/or representatives of Defendant(s) that Defendant(s) prepared as a result of the incident made the basis of Plaintiff's lawsuit.

10.   Copies of all contracts or agreements between Defendant(s) and any maintenance or repair services in effect on the date of incident, if any.

11.   Copies of any and all books, documents, manuals or other tangible things which may or may not be introduced at trial, but which may be related to Plaintiff's cause of action and may be used as demonstrative evidence at trial.

12. Copies of the architectural plans and drawings for the premises in question, specifically with respect to the location where the plaintiff was injured.

13. All documents, training manuals, testing materials or any other written materials pertaining to any classroom and/or on-the-job training utilized in the training of Defendant's employees who were employed by and/or with Defendant on the date of incident to the present. This request specifically includes any materials pertaining to safety practices, floor care, job duties, fall prevention and/or trip or slip hazards.

14. Any rules, management guidelines, operating guidelines, or other similar document that purports to show operating procedures for the management, training guidelines, safety procedures, repair, service, care, and maintenance of the premises in question.

15. Any and all "Constructive Performance Discussion Records", or other written evaluations or performance reviews, pertaining to any employee working on the date in question at the location in question.

16. All documents relating to any inspections of the premises in question during the twelve months preceding the incident making the basis of this suit.

17. Copies of any settlement agreement between you and any other person or entity, whether a party to this lawsuit or not, relating, pertaining or regarding the incidence forming the basis of this lawsuit or any damages resulting therefrom.

18. Copies of any and all employee work schedules, logs and/or employee time cards or sheets for the date of incident.

19. Any and all documents or publications or manuals outlining the roles and duties of any manager, assistant manager, cashiers, customer service representative, or other Defendant's employees at the time of incident in question at the location in question.

20. A bibliography for each and every consulting expert.

21. All documents that indicate the type of paint used on the ramp that Plaintiff slipped on.

22. A duplicate copy of each primary, umbrella, and excess insurance policy or agreement, including the declarations page, which was in effect at the time of the incident including all non-waiver agreements, reservation of rights letters, or other documents or communications regarding any contractual obligations owed by you.

23. Any and all documents as they pertain to the history and life of Plaintiff including medical records, criminal records, evidence of income records, etc.

24. All documents, forms, and written procedures used by you or your employees to document any and all inspections performed by you or by anyone acting on your behalf.

25. Any and all documents establishing the ownership of the premises subject to this suit.

26. Any and all documents establishing the relationship between Defendants, if any.

27. Any and all documents evidencing the pre-existing conditions of the body of Plaintiff.

28. The entire claim and investigation file, including but not limited to, statements, reports, videotapes, drawings, memoranda, photographs, and documents, regarding the incident generated or obtained by you, your agents, or your insurers before Plaintiff filed Plaintiff's Original Petition with the court.

29. All documents and tangible things which support a contention that Plaintiff's pain and suffering was caused by a pre-existing medical condition.

30. All copies of contractors between any defendant and contractors and/or subcontractors that relate to the ramp that Plaintiff slipped on.

31. All copies and/or records of maintenance performed on the ramp that Plaintiff slipped on, from the time the ramp was constructed until the time Plaintiff slipped.

 CT Corporation

**Service of Process Transmittal**
04/16/2018
CT Log Number 533167842

| | |
|---|---|
| **TO:** | Jason Oviatt<br>Taco Bell Corp.<br>1 Glen Bell Way, MD 4148<br>Irvine, CA 92618-3344 |
| **RE:** | **Process Served in Texas** |
| **FOR:** | Taco Bell of America, LLC  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | EARNESTINE MAYFIELD, Pltf. vs. TACO BELL OF AMERICA, LLC, et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Citation, Original Petition, First Set of Interrogatories, Request(s) |
| **COURT/AGENCY:** | 129th Judicial District Court, Harris County, TX<br>Case # 201821783 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition - 06/12/2016 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/16/2018 at 13:00 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next following the expiration of 20 days after you were served this citation and petition |
| **ATTORNEY(S) / SENDER(S):** | Adam Ramji<br>RAMJI LAW GROUP<br>2920 Virginia Street<br>Houston, TX 77098<br>713-888-8888 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780119565635<br><br>Image SOP<br><br>Email Notification,  Jason Oviatt  Jason.Oviatt@yum.com<br><br>Email Notification,  Cynthia Nichols  cynthia.nichols@yum.com<br><br>Email Notification,  Cynthia Nichols  cynthia.nichols@yum.com<br><br>Email Notification,  Jason Oviatt  Jason.Oviatt@yum.com<br><br>Email Notification,  Nardi Hueter  Nardi.Hueter@yum.com |
| **SIGNED:**<br>**ADDRESS:**<br><br><br>**TELEPHONE:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>214-932-3601 |

Page 1 of  1 / CM

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

CAUSE NO. 201821783

RECEIPT NO.        0.00    CIV
*********           TR # 73481024

PLAINTIFF: MAYFIELD, EANRESTINE              In The   129th
        vs.                            Judicial District Court
DEFENDANT: TACO BELL OF AMERICA LLC        of Harris County, Texas
                                    129TH DISTRICT COURT
                                    Houston, TX

CITATION

THE STATE OF TEXAS
County of Harris

TO: TACO BELL OF AMERICA LLC (A DELAWARE LIMITED LIABILITY COMPANY) BY
   SERVING ITS REGISTERED AGENT C T CORPORATION SYSTEM
   1999 BRYAN ST STE 900   DALLAS TX 75201
    Attached is a copy of PLAINTIFFS ORIGINAL PETITION AND REQUEST FOR DISCLOSURE REQUEST FOR
PRODUCTION FIRST SET OF INTERROGATORIES

This instrument was filed on the 2nd day of April, 2018, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 9th day of April, 2018, under my hand and
seal of said Court.

Issued at request of:                   Chris Daniel
THOMAS, DON PHILIP II                  CHRIS DANIEL, District Clerk
2920 VIRGINIA ST.                     Harris County, Texas
HOUSTON, TX  77098                201 Caroline, Houston, Texas 77002
Tel: (713) 888-8888               (P.O. Box 4651, Houston, Texas 77210)
Bar No.: 24096092                 Generated By: CHAMBERS, WANDA ULW//10917856

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ____.M., on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock ____.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $_____

                              _____ of _____County, Texas

                          By _____
        Affiant                             Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

                              _____
                              Notary Public

N.INT.CITR.P             *73481024*

CAUSE NO.  201821783

RECEIPT NO.                    0.00      CIV
\*\*\*\*\*\*\*\*\*                      TR # 73481024

| | |
|---|---|
| PLAINTIFF: MAYFIELD, EANRESTINE<br>vs.<br>DEFENDANT: TACO BELL OF AMERICA LLC | In The   129th<br>Judicial District Court<br>of Harris County, Texas<br>129TH DISTRICT COURT<br>Houston, TX |

CITATION

THE STATE OF TEXAS
County of Harris

TO: TACO BELL OF AMERICA LLC (A DELAWARE LIMITED LIABILITY COMPANY) BY
    SERVING ITS REGISTERED AGENT C T CORPORATION SYSTEM
    1999 BRYAN ST STE 900    DALLAS TX 75201
    Attached is a copy of PLAINTIFFS ORIGINAL PETITION AND REQUEST FOR DISCLOSURE REQUEST FOR
PRODUCTION FIRST SET OF INTERROGATORIES

This instrument was filed on the 2nd day of April, 2018, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 9th day of April, 2018, under my hand and
seal of said Court.



Issued at request of:                         CHRIS DANIEL, District Clerk
THOMAS, DON PHILIP II                          Harris County, Texas
2920 VIRGINIA ST.                              201 Caroline, Houston, Texas 77002
HOUSTON, TX  77098                             (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 888-8888
Bar No.: 24096092                    Generated By: CHAMBERS, WANDA  ULW//10917856

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___.M., on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock ___.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $_____

                              _____ of _____County, Texas

                        By _____
        Affiant                        Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

                              _____
                                        Notary Public

N.INT.CITR.P                    \*73481024\*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **EARNESTINE MAYFIELD** | § | |
| | § | |
| **VS.** | § | **CIVIL NO. 4:18-cv-1473** |
| | § | |
| **TACO BELL OF AMERICA, LLC**, | § | |
| **YUM! BRANDS, INC. d/b/a** | § | |
| **TACO BELL RESTAURANTS,** | § | |
| **and JOHN DOE** | § | |

*On Removal from:*

**CAUSE NO. 2018-21783**

| | | |
|---|---|---|
| **EARNESTINE MAYFIELD** | § | **IN THE DISTRICT COURT** |
| | § | |
| **VS.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **TACO BELL OF AMERICA, LLC**, | § | |
| **YUM! BRANDS, INC. d/b/a** | § | |
| **TACO BELL RESTAURANTS,** | § | |
| **and JOHN DOE** | § | **129TH JUDICIAL DISTRICT** |

**EXHIBIT 3-2**

*<u>Defendant Taco Bell of America, LLC's Original Answer</u>*

5/4/2018 10:21 AM
Chris Daniel - District Clerk Harris County
Envelope No. 24366777
By: Falon Boehm
Filed: 5/4/2018 10:21 AM

## CAUSE NO. 2018-21783

| | | |
|---|---|---|
| **EARNESTINE MAYFIELD**, | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff,* | § | |
| | § | **HARRIS COUNTY, TEXAS** |
| **VS.** | § | |
| | § | |
| **TACO BELL OF AMERICA, LLC**, | § | |
| **YUM! BRANDS, INC. d/b/a** | § | |
| **TACO BELL RESTAURANTS,** | § | |
| **and JOHN DOE**, | § | |
| | § | |
| *Defendants.* | § | **129TH JUDICIAL DISTRICT** |

---

### DEFENDANT TACO BELL OF AMERICA, LLC'S ORIGINAL ANSWER

---

TO THE HONORABLE JUDGE OF THIS COURT:

**Taco Bell of America, LLC**, a Defendant in the above-styled and numbered cause ("Defendant"), files this Original Answer to Plaintiff's Original Petition, and respectfully shows the Court as follows:

## I.

### GENERAL DENIAL

1.     As permitted by Rule 92 of the Texas Rules of Civil Procedure, Defendant enters a general denial of all the matters pled by Plaintiff Earnestine Mayfield ("Plaintiff"), and requests that the Court require Plaintiff to prove all of her charges and allegations by a preponderance of the evidence as required by the Constitution and laws of the State of Texas.

---

## II.

### AFFIRMATIVE DEFENSES

2.     By way of affirmative defense, if the same should be necessary, and as permitted by Rule 94 of the Texas Rules of Civil Procedure, Defendant asserts the following as to the claims and causes of action brought against it by Plaintiff.

3.     Defendant specifically invokes the doctrine of comparative responsibility pursuant to chapter 33 of the Texas Civil Practice and Remedies Code, as applied by the courts in the State of Texas. Defendant would show that if Plaintiff's damages occurred as alleged, which Defendant denies, then the damages were directly and proximately caused by the acts and/or omissions of entities or individuals, including Plaintiff, and third parties for whom Defendant is not responsible, and such acts were the sole cause, proximate cause, producing cause, and/or new and independent cause of Plaintiff's alleged damages, if any.

4.     Pleading further and in the alternative, Defendant alleges it is not liable to Plaintiff because Defendant did not breach any legal duties owed to Plaintiff.

5.     Pleading further and in the alternative, Defendant alleges it is entitled to a credit or offset for all monies or consideration paid to Plaintiff by virtue of any type or form of settlement agreement entered into by and between Plaintiff and Defendant or any other defendant, settling person, responsible third party or any other person or entity not a party to this lawsuit. Defendant therefore asserts the affirmative defenses of offset, credit, and/or payment to the extent applicable.

6.     Pleading further and in the alternative, Defendant alleges that the injuries and damages Plaintiff alleges she sustained in this action, which Defendant denies, were caused, in whole or in part, by Plaintiff's conduct, intentional acts, comparative responsibility or comparative negligence, assumption of risk, and want of care.

7.     Pleading further and in the alternative, Defendant alleges that the injuries and damages Plaintiff alleges she sustained in this action, which Defendant denies, were caused, in whole or in part, by the acts (wrongful or otherwise), negligence, sole fault, misuse, abuse, omission, or fault of one or more persons or entities, including, without limitation, Plaintiff, over whom Defendant exercised no control and for whom Defendant is not legally responsible.

8.     Pleading further and in the alternative, Defendant would show that the incident in question may have been caused by acts or omissions attributable to third parties over whom Defendant had no control, and for whose conduct Defendant cannot be responsible at law.

9.     Pleading further and in the alternative, Defendant alleges that discovery in this case may show that Plaintiff failed to mitigate her damages as required by applicable law and Plaintiff's claims and causes of action may therefore be barred in whole or in part.

10.     Pleading further and in the alternative, Defendant claims it is entitled to all lawful settlements, credits, and offsets, including but not limited to, those set forth in sections 33.012 and 41.0105 of the Texas Civil Practice and Remedies Code.

Defendant further alleges it is entitled to contribution from any later-added defendants, third-party defendants or responsible third parties and/or a credit for any amounts paid by any settling persons pursuant to the provisions of chapters 32 and 33 of the Texas Civil Practice and Remedies Code. If a tortfeasor reaches a settlement with Plaintiff, then Defendant reserves the right to make a written election of credit for settlement under section 33.014 of the Texas Civil Practice and Remedies Code. Defendant further reserves its right to submit issues to the jury of the alleged negligence of any other defendants, third-party defendants and responsible third parties in this case, and/or any settling defendants or designated responsible third parties.

11.    By way of further answer, in the unlikely event Defendant is found at fault, Defendant invokes its legal right to contribution in accordance with the provisions of Tex. Civ. Prac. & Rem. Code §§ 32.001, *et seq.* and §§ 33.015-.016.

12.    By way of further answer, in the unlikely event Defendant is found at fault, Defendant pleads the applicability of section 304.003 of the Texas Finance Code with regard to the proper statutory computation of post-judgment interest. Pursuant to section 304.103, the pre-judgment interest rate is the same as the post-judgment interest. Furthermore, pursuant to section 304.1045 of the Texas Finance Code, pre-judgment interest is not recoverable on a finding, if any, of future damages found by the trier of fact.

## IV.

13.     Defendant gives notice of its intent to use documents and other tangible things produced in discovery against the party or parties producing the same. The authenticity of such items is self-authenticated pursuant to Texas Rule of Civil Procedure 193.7.

### PRAYER

Defendant Taco Bell of America, LLC, having fully answered, prays that it be dismissed with prejudice from this cause, that it receive judgment for its costs of suit and attorneys' fees incurred in this action, that Plaintiff Earnestine Mayfield take nothing by way of this action, and that the Court grant such other and further relief to which such Defendant may be justly entitled.

Respectfully submitted,

**KANE RUSSELL COLEMAN LOGAN PC**

By: _/s/   William R. Pilat_
    William R. Pilat
    State Bar No. 00788205
    Email:  wpilat@krcl.com
    Logan R. Burke
    State Bar No. 24073978
    Email: lburke@krcl.com
5051 Westheimer Road, Suite 1000
Houston, Texas  77056
Telephone:  713-425-7400
Facsimile:   713-425-7700

---

## <u>CERTIFICATE OF SERVICE</u>

I certify that on May 4, 2018, a true and correct copy of the foregoing *Original Answer* was served upon to all other counsel of record, including those listed below, by filing this pleading with the electronic service provider for the Orange County District Courts:

Adam Ramji
Don Thomas, II
RAMA LAW GROUP
2920 Virginia Street
Houston, Texas 77098

*/s/   William R. Pilat*
William R. Pilat

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| EARNESTINE MAYFIELD | § | |
| | § | |
| VS. | § | CIVIL NO. 4:18-cv-1473 |
| | § | |
| TACO BELL OF AMERICA, LLC, | § | |
| YUM! BRANDS, INC. d/b/a | § | |
| TACO BELL RESTAURANTS, | § | |
| and JOHN DOE | § | |

### *On Removal from:*

### CAUSE NO. 2018-21783

| | | |
|---|---|---|
| EARNESTINE MAYFIELD | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| TACO BELL OF AMERICA, LLC, | § | |
| YUM! BRANDS, INC. d/b/a | § | |
| TACO BELL RESTAURANTS, | § | |
| and JOHN DOE | § | 129TH JUDICIAL DISTRICT |

### EXHIBIT 3-3

### *Defendant YUM! Brands, Inc.'s Original Answer*

5/4/2018 10:21 AM
Chris Daniel - District Clerk Harris County
Envelope No. 24366777
By: Falon Boehm
Filed: 5/4/2018 10:21 AM

## CAUSE NO. 2018-21783

| | | |
|---|---|---|
| **EARNESTINE MAYFIELD**, | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff,* | § | |
| | § | **HARRIS COUNTY, TEXAS** |
| **VS.** | § | |
| | § | |
| **TACO BELL OF AMERICA, LLC**, | § | |
| **YUM! BRANDS, INC. d/b/a** | § | |
| **TACO BELL RESTAURANTS,** | § | |
| **and JOHN DOE**, | § | |
| | § | |
| *Defendants.* | § | **129TH JUDICIAL DISTRICT** |

---

## DEFENDANT YUM! BRANDS, INC.'S ORIGINAL ANSWER

---

TO THE HONORABLE JUDGE OF THIS COURT:

**YUM! Brands, Inc.**, a Defendant in the above-styled and numbered cause ("Defendant"), files this Original Answer to Plaintiff's Original Petition, and respectfully shows the Court as follows:

## I.

### GENERAL DENIAL

1.      As permitted by Rule 92 of the Texas Rules of Civil Procedure, Defendant enters a general denial of all the matters pled by Plaintiff Earnestine Mayfield ("Plaintiff"), and requests that the Court require Plaintiff to prove all of her charges and allegations by a preponderance of the evidence as required by the Constitution and laws of the State of Texas.

---

## II.

### AFFIRMATIVE DEFENSES

2.      By way of affirmative defense, if the same should be necessary, and as permitted by Rule 94 of the Texas Rules of Civil Procedure, Defendant asserts the following as to the claims and causes of action brought against it by Plaintiff.

3.      Defendant specifically invokes the doctrine of comparative responsibility pursuant to chapter 33 of the Texas Civil Practice and Remedies Code, as applied by the courts in the State of Texas. Defendant would show that if Plaintiff's damages occurred as alleged, which Defendant denies, then the damages were directly and proximately caused by the acts and/or omissions of entities or individuals, including Plaintiff, and third parties for whom Defendant is not responsible, and such acts were the sole cause, proximate cause, producing cause, and/or new and independent cause of Plaintiff's alleged damages, if any.

4.      Pleading further and in the alternative, Defendant alleges it is not liable to Plaintiff because Defendant did not breach any legal duties owed to Plaintiff.

5.      Pleading further and in the alternative, Defendant alleges it is entitled to a credit or offset for all monies or consideration paid to Plaintiff by virtue of any type or form of settlement agreement entered into by and between Plaintiff and Defendant or any other defendant, settling person, responsible third party or any other person or entity not a party to this lawsuit. Defendant therefore asserts the affirmative defenses of offset, credit, and/or payment to the extent applicable.

6.     Pleading further and in the alternative, Defendant alleges that the injuries and damages Plaintiff alleges she sustained in this action, which Defendant denies, were caused, in whole or in part, by Plaintiff's conduct, intentional acts, comparative responsibility or comparative negligence, assumption of risk, and want of care.

7.     Pleading further and in the alternative, Defendant alleges that the injuries and damages Plaintiff alleges she sustained in this action, which Defendant denies, were caused, in whole or in part, by the acts (wrongful or otherwise), negligence, sole fault, misuse, abuse, omission, or fault of one or more persons or entities, including, without limitation, Plaintiff, over whom Defendant exercised no control and for whom Defendant is not legally responsible.

8.     Pleading further and in the alternative, Defendant would show that the incident in question may have been caused by acts or omissions attributable to third parties over whom Defendant had no control, and for whose conduct Defendant cannot be responsible at law.

9.     Pleading further and in the alternative, Defendant alleges that discovery in this case may show that Plaintiff failed to mitigate her damages as required by applicable law and Plaintiff's claims and causes of action may therefore be barred in whole or in part.

10.    Pleading further and in the alternative, Defendant claims it is entitled to all lawful settlements, credits, and offsets, including but not limited to, those set forth in sections 33.012 and 41.0105 of the Texas Civil Practice and Remedies Code.

Defendant further alleges it is entitled to contribution from any later-added defendants, third-party defendants or responsible third parties and/or a credit for any amounts paid by any settling persons pursuant to the provisions of chapters 32 and 33 of the Texas Civil Practice and Remedies Code. If a tortfeasor reaches a settlement with Plaintiff, then Defendant reserves the right to make a written election of credit for settlement under section 33.014 of the Texas Civil Practice and Remedies Code. Defendant further reserves its right to submit issues to the jury of the alleged negligence of any other defendants, third-party defendants and responsible third parties in this case, and/or any settling defendants or designated responsible third parties.

11.    By way of further answer, in the unlikely event Defendant is found at fault, Defendant invokes its legal right to contribution in accordance with the provisions of Tex. Civ. Prac. & Rem. Code §§ 32.001, *et seq.* and §§ 33.015-.016.

12.    By way of further answer, in the unlikely event Defendant is found at fault, Defendant pleads the applicability of section 304.003 of the Texas Finance Code with regard to the proper statutory computation of post-judgment interest. Pursuant to section 304.103, the pre-judgment interest rate is the same as the post-judgment interest. Furthermore, pursuant to section 304.1045 of the Texas Finance Code, pre-judgment interest is not recoverable on a finding, if any, of future damages found by the trier of fact.

## IV.

13.    Defendant gives notice of its intent to use documents and other tangible things produced in discovery against the party or parties producing the same. The authenticity of such items is self-authenticated pursuant to Texas Rule of Civil Procedure 193.7.

### PRAYER

Defendant YUM! Brands, Inc., having fully answered, prays that it be dismissed with prejudice from this cause, that it receive judgment for its costs of suit and attorneys' fees incurred in this action, that Plaintiff Earnestine Mayfield take nothing by way of this action, and that the Court grant such other and further relief to which such Defendant may be justly entitled.

Respectfully submitted,

**KANE RUSSELL COLEMAN LOGAN PC**

By: _/s/   William R. Pilat_
    William R. Pilat
    State Bar No. 00788205
    Email:  wpilat@krcl.com
    Logan R. Burke
    State Bar No. 24073978
    Email: lburke@krcl.com
5051 Westheimer Road, Suite 1000
Houston, Texas  77056
Telephone:  713-425-7400
Facsimile:   713-425-7700

## <u>CERTIFICATE OF SERVICE</u>

I certify that on May 4, 2018, a true and correct copy of the foregoing *Original Answer* was served upon to all other counsel of record, including those listed below, by filing this pleading with the electronic service provider for the Orange County District Courts:

> Adam Ramji
> Don Thomas, II
> RAMA LAW GROUP
> 2920 Virginia Street
> Houston, Texas 77098

_____*/s/   William R. Pilat*_____
William R. Pilat

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EARNESTINE MAYFIELD | § | |
| | § | |
| VS. | § | CIVIL NO. 4:18-cv-1473 |
| | § | |
| TACO BELL OF AMERICA, LLC, | § | |
| YUM! BRANDS, INC. d/b/a | § | |
| TACO BELL RESTAURANTS, | § | |
| and JOHN DOE | § | |

*On Removal from:*

CAUSE NO. 2018-21783

| | | |
|---|---|---|
| EARNESTINE MAYFIELD | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| TACO BELL OF AMERICA, LLC, | § | |
| YUM! BRANDS, INC. d/b/a | § | |
| TACO BELL RESTAURANTS, | § | |
| and JOHN DOE | § | 129TH JUDICIAL DISTRICT |

EXHIBIT 3-4

*Defendants' Notice of Removal to Federal Court*

## CAUSE NO. 2018-21783

| | | |
|---|---|---|
| **EARNESTINE MAYFIELD** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **VS.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **TACO BELL OF AMERICA, LLC**, | § | |
| **YUM! BRANDS, INC. d/b/a** | § | |
| **TACO BELL RESTAURANTS,** | § | |
| **and JOHN DOE** | § | |
| | § | |
| *Defendants.* | § | **129TH JUDICIAL DISTRICT** |

---

### DEFENDANTS TACO BELL OF AMERICA, LLC AND YUM! BRANDS, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT

---

TO THE HONORABLE JUDGE OF THIS COURT:

PLEASE TAKE NOTICE that pursuant to federal law, **Taco Bell of America, LLC** and **YUM! Brands, Inc.**, Defendants in the above-numbered and entitled cause, have filed with the Clerk of the United States District Court for the Southern District of Texas, Houston Division, a *Notice of Removal*, a copy of which is attached to and filed with this Notice as **Exhibit** "**A**," and that this action is removed to the United States District Court for the Southern District of Texas for trial as of this date, May 8, 2018. This Court is respectfully requested to take no further action in this matter, unless and until such time as the action may be remanded by order of the United States District Court.

Respectfully submitted,

**KANE RUSSELL COLEMAN LOGAN PC**

By:   */s/   William R. Pilat*
    William R. Pilat
    State Bar No. 07788205
5051 Westheimer Road, Suite 1000
Houston, Texas 77056
Telephone:  713-425-7400
Facsimile:  713-425-7700
Email:  wpilat@krcl.com

**ATTORNEY FOR DEFENDANTS TACO BELL OF
AMERICA, LLC AND YUM! BRANDS, INC.**

## CERTIFICATE OF SERVICE

I certify that on May 8, 2018, , a true and correct copy of the foregoing *Notice of Removal to Federal Court* was forwarded to all other known counsel of record, as listed below, via e-Filing with the electronic service provider for the Harris County District Courts:

    Adam Ramji
    Don Thomas, II
    RAMA LAW GROUP
    2920 Virginia Street
    Houston, Texas 77098

                */s/   William R. Pilat*
                William R. Pilat